IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BOBBY GLENN CANIDA, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | C.A. NO. C-06-328 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Respondent. | § | |

**MEMORANDUM AND RECOMMENDATION**
**ON RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Petitioner is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID"), and currently is incarcerated at the Telford Unit in New Boston, Texas. Proceeding pro se, petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2254 on June 20, 2006. (D.E. 1, at 9). On September 27, 2006, respondent filed a motion for summary judgment arguing that petitioner's habeas petition is time barred, that petitioner has failed to exhaust his state remedies, and that this Court lacks jurisdiction. (D.E. 13, at 4-6). Petitioner filed a response to respondent's motion for summary judgment on October 25, 2006. (D.E. 15). For the reasons stated herein, it is respectfully recommended that the respondent's motion for summary judgment be granted.

## I. JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the inmate is confined, or where the conviction was obtained.  28 U.S.C. § 2241(d); Wadsworth v. Johnson, 235 F.3d 959, 961 (5th Cir. 2000).  At the time he filed this petition, petitioner was an inmate at the McConnell Unit in Beeville, Texas. Therefore, jurisdiction is proper in this Court.[1]

## II. BACKGROUND

Petitioner is currently serving a forty-year sentence for the manufacture of a controlled substance.  (D.E. 13-2, at 2).  He was sentenced on September 27, 2001. Id.  He has challenged his conviction in another habeas petition, which is currently

---

[1] The Fifth Circuit has held that TDCJ-CID is not a state court, and therefore its actions in a disciplinary proceeding cannot be the basis for jurisdiction pursuant to 28 U.S.C. § 2241(d). Wadsworth, 235 F.3d at 962; accord Story v. Collins, 920 F.2d 1247, 1251 (5th Cir. 1991) (holding that TDCJ-CID is not a state court); see also Carmona v. Andrews, 357 F.3d 535, 538 (5th Cir. 2004) (relying on Wadsworth and Story in holding that Louisiana's parole board was not a state court for purposes of determining jurisdiction).  In Wadsworth, the Fifth Circuit found that the district court where the petitioner was confined, not the district court where the disciplinary proceeding occurred, was the court with jurisdiction to hear the petitioner's claims. 235 F.3d at 962; see also Kimbrell v. Cockrell, 311 F.3d 361, 363 (5th Cir. 2002) ("In *Wadsworth*, the locale of the original conviction or of ongoing incarceration maintained jurisdiction to review the constitutionality of the result of the disciplinary proceedings.").  In the instant case, however, petitioner was confined in Beeville, Texas, within this Court's jurisdiction, at the time he filed his habeas petition.  It is distinguishable from Wadsworth, in which the petitioner had already been transferred to a different district before filing his habeas petition.  See 235 F.3d at 961.  Indeed, this petition was transferred to this Court from the Eastern District of Texas because petitioner was incarcerated within this Court's Division when he filed the action.  (D.E. 5, at 1-2) (citing Wadsworth).

pending before the United States District Court for the Eastern District of Texas. (D.E. 13-4). In this petition, he does not challenge the conviction for which he is currently incarcerated, but instead challenges the punishment assessed him and the procedure followed in disciplinary cause number 20030070044, where he was found guilty of attempted escape, a Level 1, Code 1 violation. (D.E. 11, at 9). His punishment was assessed at the loss of forty-five days of commissary and recreation privileges, the loss of 745 days of good time credit, and a reduction in class from L1 to L3. Id.

On November 6, 2002, Sergeant Keith Graham performed a search of offender Christopher Melton's property. (D.E. 11, at 11). During the search, he found a hand-drawn map "depicting the unit Vocational Area and the G Dormitory recreation yard." Id.; see also id. at 13-14 (the map). On November 7, 2002, a confidential informant revealed to Major William Bratton and Lieutenant Crenshaw that petitioner was involved in the planning of an escape attempt. Id. at 11. Through their investigation, officials found that petitioner was conspiring to escape with Mr. Melton. Id. at 5. Records indicate that petitioner waived his right to twenty-four hour notice of the disciplinary proceeding, and was found guilty of the offense. Id. at 3. He claimed that the accusations were not true. Id. at 5. He was represented by a counsel substitute at the disciplinary proceeding. Id. at 3.

Petitioner attempted to appeal his disciplinary conviction, but did not properly file any grievances relating to the disciplinary proceeding. (D.E. 1, at 5, 10). Respondent admits that petitioner did file grievances, but states that TDCJ-CID does not retain copies of unprocessed grievances. (D.E. 13-1, at 3 n.3). Petitioner is also unable to produce copies of the grievances.

### III.  PETITIONER'S ALLEGATIONS

Petitioner claims that he is seeking habeas corpus relief because: (1) the charging officer's conduct amounted to retaliation; (2) his due process rights were violated because he only agreed to waive his right to twenty-four hour notice if "possession of contraband" were the charge; (3) his due process rights were violated because there was insufficient evidence of guilt; and (4) he was denied equal treatment in violation of his constitutional rights because he received harsher punishment than his co-conspirator. (D.E. 1, at 10-13).

### IV.  EXHAUSTION OF STATE COURT REMEDIES

A federal writ of habeas corpus from an inmate in state custody shall not be granted unless the inmate has exhausted his remedies at law in the state courts, or there is an absence of state court remedies or circumstances that render state remedies insufficient to protect the individual's rights. 28 U.S.C. § 2254(b)(1); Fisher v. Texas, 169 F.3d 295, 302 (5th Cir. 1999) (citation omitted). The

exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state.  See O'Sullivan v. Boerckel, 526 U.S. 838, 842-48 (1999); Carter v. Estelle, 677 F.2d 427, 443-44 (5th Cir. 1982).  However, because Texas state courts do not review claims of lost good time credit or other results of prison disciplinary proceedings, a petitioner is required to pursue his claims through the prison administrative appeals process, rather than state court.  Ex parte Palomo, 759 S.W.2d 671, 674 (Tex. Crim. App. 1988) (en banc); Ex parte Brager, 704 S.W.2d 46, 46 (Tex. Crim. App. 1986) (en banc).  The exhaustion requirement is mandatory, and the administrative grievance procedure must be completed before a prisoner can file a lawsuit in federal court. Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998) (per curiam).

Where a petitioner "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred,'" then the claims are procedurally defaulted.  Nobles v. Johnson, 127 F.3d 409, 420 (5th Cir. 1997) (quoting Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991)).  Federal habeas corpus relief may only be granted on procedurally defaulted claims if a petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the

claims will result in a fundamental miscarriage of justice." Moawad v. Anderson, 143 F.3d 942, 947 (5th Cir. 1998) (citation omitted). Notwithstanding a petitioner's failure to exhaust state remedies, an application for a writ of habeas corpus may be denied on the merits. 28 U.S.C. § 2254(b)(2).

Respondent argues that petitioner failed to exhaust his administrative remedies because he did not properly file any grievances to challenge the disciplinary conviction. (D.E. 13). Petitioner claims that he attempted to file grievances, but that they were returned to him. (D.E. 1, at 5). He also asserts that he cannot present the grievances to this Court as proof of his attempts because he no longer has them in his possession. (D.E. 15, at 2). Respondent has noted that TDCJ-CID does not keep copies of unprocessed grievances, and maintains that petitioner's grievances were not kept because they were never processed. (D.E. 13-1, at 3 n.3). Regardless, as respondent has noted, petitioner cannot now attempt to file administrative grievances within the prison system because offenders are given only fifteen days after a disciplinary proceeding in which to file a grievance. (D.E. 10-1, at 8). In addition, it would be futile for petitioner to file a state habeas petition as state courts would not review the disciplinary proceeding. Ex parte Brager, 704 S.W.2d at 46.

Without more, this Court cannot determine whether petitioner gave prison

officials fair notice of the problem that forms the basis of his suit.  See Johnson v. Johnson, 385 F.3d 503, 516 (5th Cir. 2004) ("In deciding how much detail is required in a given case, we believe that a court must interpret the exhaustion requirement in light of its purposes, which include the goal of giving officials 'time and opportunity to address complaints internally.'").  Indeed, respondent argues that petitioner neither properly nor timely filed his administrative grievances.  Petitioner asserts that he did file grievances.  Neither party provided any documentation of the grievances.

Accordingly, it is respectfully recommended that this Court deny respondent's motion for summary judgment regarding his assertion that petitioner failed to properly exhaust his administrative remedies.  Instead, it is respectfully recommended that if the Court chooses to address the issue of exhaustion that an evidentiary hearing be set.

## V.  DISCUSSION

Alternatively, respondent moves the Court to grant summary judgment in favor of respondent because petitioner's habeas petition is time barred, procedurally barred, and successive.  (D.E. 13-1, at 4-7).

A.      **Motion for Summary Judgment Standard of Review.**

Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas corpus cases. Clark v. Johnson, 202 F.3d 760, 764 (5th Cir. 2000). Summary judgment is appropriate where there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A court must consider the record as a whole by reviewing all pleadings, depositions, affidavits, and admissions on file, and by drawing all reasonable inferences in favor of the party opposing the motion. Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988). The controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party. Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that summary judgment is not appropriate. Matsushita

Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991). The non-movant cannot rest on the mere allegations of the pleadings to sustain his burden, but must set forth material controverted facts in the response to the motion for summary judgment. Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof. ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438. 441 (5th Cir. 1995); Celotex, 477 U.S. at 322-23.

**B.    The AEDPA's Statute of Limitations.**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which took effect in April 1996, provides a one-year statute of limitations for state prisoners to challenge a conviction by the filing of a federal petition for habeas corpus relief. Prieto v. Quarterman, 456 F.3d 511, 514 (5th Cir. 2006) (citing 28 U.S.C. § 2241(d)). A petitioner has one year from the date his conviction becomes final to file his federal petition for habeas relief. Id. A properly filed state application for post-conviction relief tolls the AEDPA period of limitations for the entire time the state application is pending. Id. A state application for post-conviction relief is pending "until the application has achieved final resolution through the State's

post-conviction procedures." Carey v. Saffold, 536 U.S. 214, 220 (2002).

The Fifth Circuit has determined that the AEDPA limitations period applies to disciplinary proceedings in the same manner it applies to convictions, and has rejected the view that a disciplinary proceeding merits "special or unusual procedural recognition." Kimbrell, 311 F.3d at 363. The one-year period commences from the date of the petitioner's disciplinary proceeding. Id. at 363-64. As the Fifth Circuit explained, it "commences when 'the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence,'" which is when the petitioner knows of his loss of good time credit or deprivation of other rights. Id. (citing 28 U.S.C. § 2244(d)(1)(D)). The "timely pendency" of prison grievance procedures tolls the one-year period. Id. at 364.

Under "rare and exceptional circumstances," equitable tolling may also apply pursuant to the AEDPA. In re Wilson, 442 F.2d 872, 875 (5th Cir. 2006) (per curiam) (quoting Fierro v. Cockrell, 294 F.3d 674, 682 (5th Cir. 2002)). Equitable tolling may only apply "'where it is necessary to preserve a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" Id. (quoting Fierro, 294 F.3d at 682). In addition, petitioner's failure to comply with the AEDPA's statute of limitations must result from "an extraordinary factor beyond the plaintiff's control" that prevents filing on time. Felder v. Johnson, 204

F.3d 168, 174 (5th Cir. 2000). Ignorance of the law is insufficient to warrant equitable tolling, even for a pro se petitioner. See Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999).

**C.     Application of the Statute of Limitations to Petitioner's Claims**.

Petitioner's disciplinary proceeding occurred in 2002. (D.E. 11, at 9). At that time, he was on notice that he lost 745 days of good time credit. See Kimbrell, 311 F.3d at 364 (stating that the petitioner knew he was deprived of good time credit when the hearing was held, and finding that federal habeas petition filed two years later was untimely). Although timely filed grievances would have tolled the one-year period, petitioner has not established that he properly and timely filed any grievances. Furthermore, even accepting as true petitioner's allegations that he did file grievances, but that they were returned to him, he has presented no reason why he waited nearly four years to file his federal habeas petition. He has not alleged any extraordinary circumstances beyond his control that prevented him from filing on time. Therefore, it is respectfully recommended that petitioner's habeas petition is time barred pursuant to the AEDPA and should be dismissed.

**D.     Standard of Review for Successive Habeas Petitions**.

Pursuant to the AEDPA, federal habeas corpus review on a second or successive petition is extremely limited. A claim for habeas relief that was not

submitted in the prior petition must be dismissed unless the petitioner can show that the claim relies on a new constitutional rule that the Supreme Court has held applies retroactively, or the facts for the claim could not have been previously discovered with due diligence, and if these facts were proven to be true, that in light of the record as a whole, "would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty."  28 U.S.C. § 2244(b)(2).

However, pursuant to 28 U.S.C. § 2244(b)(3)(A):

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

A three-judge panel of the appropriate court of appeals may authorize the second or successive appeal upon the finding that the petitioner has made a prima facie showing that the application meets the statutory requirements.  28 U.S.C. § 2244(b)(3).  The statute does not set forth a definition of the term "second or successive application."  The Fifth Circuit, however, has held that "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ."  In re Cain, 137 F.3d 234, 235 (5th Cir. 1998) (per curiam) (citations omitted).

A habeas petition is not considered successive merely because it follows an earlier petition, but where it raises a claim that could have been raised, or was raised in an earlier petition, it is considered a successive petition. Id. at 235-36. A petitioner may challenge his conviction and a subsequent disciplinary proceeding in separate habeas petitions if the disciplinary proceeding occurs <u>after</u> he files a habeas petition to challenge his conviction. Id. at 236. However, the Fifth Circuit has held that it is not permissible for a petitioner to challenge his conviction and the revocation of good time credit in separate habeas petitions if the petitioner knows of his good time credit claim when he files his first federal petition for habeas relief. <u>McGary v. Scott</u>, 27 F.3d 181, 183 (5th Cir. 1994). To do so "constitutes abuse of the writ unless the petitioner can show both 'cause' and 'prejudice' - in other words, both a legitimate excuse for failing to include the new claim in a previous federal petition and actual harm from the error claimed." <u>Id.</u> (quoting <u>McCleskey v. Zant</u>, 499 U.S. 467 (1991)).

**E.     Petitioner's Application is Construed as a Successive Petition.**

Respondent argues that petitioner's instant petition is successive because petitioner currently has a habeas petition, which challenges his conviction, pending before the Eastern District of Texas. (D.E. 13-1, at 4). Petitioner filed his first petition for habeas relief on May 30, 2005. (D.E. 10-4, at 9). The disciplinary

proceeding giving rise to his current claims occurred in 2002.  (D.E. 11, at 9).  Therefore, he knew of his claims challenging the disciplinary proceeding at the time he filed his first habeas petition.  Petitioner did not seek permission from the Fifth Circuit before filing this habeas petition.

Petitioner "plainly knew of the facts and legal theories that formed the basis of his good time credit claim when he filed his first federal habeas petition," and therefore his failure to raise the claim cannot be excused for cause.  McGary, 27 F.3d at 184.  In addition, petitioner's failure to properly exhaust administrative remedies does not excuse his failure to include these habeas claims in his first application for habeas relief filed in the Eastern District of Texas.  Id. at 184-85.  Finally, the Fifth Circuit has also found that refusal to address a petitioner's good time credit claim does not amount to a "fundamental miscarriage of justice."  Id. at 185.  It is respectfully recommended that petitioner's instant habeas petition is successive and constitutes abuse of the writ.  Therefore, it is respectfully recommended that it be dismissed.

## VI.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although petitioner has not yet filed a

notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may sua sponte rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  United States v. Jones, 287

F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483).

As to claims district courts reject solely on procedural grounds, a petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

It is respectfully recommended that reasonable jurists could not debate the denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that petitioner is not entitled to a certificate of appealability.

## VII.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that this petition for writ of habeas corpus be dismissed with prejudice as time barred and successive.  Accordingly, it is respectfully recommended that respondent's motion for summary judgment be granted and petitioner's request for § 2254 relief be denied.  Finally, it is respectfully recommended that petitioner be denied a certificate of appealability.

Respectfully submitted this 4th day of December 2006.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 8(b) of the Rules Governing § 2254 Cases; Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except on grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).